IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH GROSSO | : | CIVIL ACTION |
| | : | NO. 12-818 |
| v. | : | |
| | : | |
| MARIO BIAGGI, JR., ESQ. | : | |
| | : | |

O'NEILL, J.                                                              July 24, 2012

### MEMORANDUM

Plaintiff Ralph Grosso, proceeding pro se, seeks damages based on a claim of legal malpractice. Plaintiff alleges that jurisdiction is based on diversity of citizenship, as he is a citizen of Pennsylvania and defendant is a citizen of New York. I have before me defendant's motion to dismiss for lack of personal jurisdiction and plaintiff's response. For the reasons that follow, I will grant defendant's motion.

### BACKGROUND

Plaintiff's wife, Jacqueline Grosso, allegedly suffered injuries as a result of various procedures performed by her dentist, Dr. Phillip Buccigrossi. Compl. at ECF p. 3. Plaintiff and his wife then retained defendant as their attorney to bring an action for medical malpractice against Dr. Buccigrossi. Id. Plaintiff claims that Biaggi informed the Grossos that the average jury award in cases similar to theirs was $387,500. Id. Their case was tried in the Eastern District of New York and a jury awarded the Grossos $30,000. Id. at ECF p. 5. Unhappy with the jury's verdict which he feels did not adequately compensate his wife, plaintiff now asserts a claim of legal malpractice against defendant. Id.

Plaintiff claims that defendant committed malpractice in the following ways. First,

plaintiff contends that defendant "told Jacquie to perjure herself and say she was fine now because he felt the jurors would look upon her as a complainer . . . [even though] her mouth is still giving her discomfort on a daily basis." Id. at ECF p. 4.  Second, plaintiff argues that despite Biaggi's promise to take the Grossos to talk to the jury about the verdict, defendant abruptly left the courthouse after the verdict was rendered.  Id. at ECF p. 7.  Finally, plaintiff contends that Mr. Biaggi failed to question whether all of the jurors were legal citizens of the United States. Id. at ECF p. 8.

Plaintiff seeks $357,000 in damages, which he calculated based on the difference between the average amount defendant had stated was awarded in similar jury trials and the $30,000 award that the Grossos received.  Id. at ECF p. 10.

## STANDARD OF REVIEW

When a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of setting forth sufficient facts to establish by a preponderance of the evidence that the Court has personal jurisdiction over the defendant.  See Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  A plaintiff can meet this burden by establishing sufficient contacts between the defendant and the forum state.  Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987).  Where the District Court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction.  See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d. Cir. 2007).  The plaintiff is entitled to have all factual allegations taken as true and all factual disputes resolved in his favor.  See id.  Where, as here, the plaintiff has filed his complaint pro se, courts will apply "less stringent standards than formal pleadings

drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## DISCUSSION

Plaintiff's claim cannot withstand the instant motion to dismiss because he has not alleged any facts to support a finding that this Court has personal jurisdiction over defendant.[1]  Because defendant is not a citizen of Pennsylvania, the Due Process Clause of the Fourteenth Amendment limits the extent to which this Court can exercise personal jurisdiction.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-414 (1984).  "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')."  Provident, 819 F.2d at 437.

There is no specific jurisdiction in this case because the cause of action did not "arise out of" defendant's contacts with Pennsylvania, as all of the events relating to the medical malpractice case at issue occurred in New York.  See Pinker v. Roche Holdings Ltd., 292 F.3d at 361, 368 (3d. Cir. 2002).  Further, plaintiff has not shown "significantly more than mere minimum contacts to establish general jurisdiction."  See Provident, 819 F.2d at 437.  In fact, defendant avers, "[t]he undersigned defendant has absolutely no contact with Pennsylvania.  Defendants [sic] has no property there, has never done business in Pennsylvania, or appeared before any court in Pennsylvania."  Dkt. No. 5 at ECF p. 5.  Plaintiff has not established that defendant has "continuous and systematic" contacts with Pennsylvania.  See Provident, 393 F.3d at 437.

Even construing the allegations in the light most favorable to the plaintiff and noting

---

[1]	Because I will dismiss for lack of personal jurisdiction, I need not address defendant's contentions that the plaintiff lacks standing or that this Court lacks subject-matter jurisdiction.

plaintiff's pro se status, I find that plaintiff has not established a basis for personal jurisdiction.
"[P]ro se plaintiffs often should be afforded an opportunity to amend a complaint before the
complaint is dismissed in its entirety."  Jobe v. Bank of Am., N.A., No. 3:10-CV-1710, 2011 WL
4738225, at *6 (M.D. Pa. Oct. 6, 2011).  However, courts will not permit amendment if such
amendment would be futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Here,
amendment would be futile because defendant has no contacts with Pennsylvania.  Accordingly,
plaintiff's complaint is dismissed.

   An appropriate Order follows